IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY BURKHART-DEAL, individually and on behalf of all others similarly situated, | ELECTRONICALLY FILED |
| | Civ. A. No. 07-01747 |
| Plaintiff, | |
| v. | Judge Donetta W. Ambrose |
| CITIFINANCIAL, INC.; and DOES 1 through 10, inclusive, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S RULE 37 (A) (3) MOTION TO COMPEL
DISCOVERY RESPONSES FROM DEFENDANT**

Plaintiff Amy Burkhart-Deal ("Plaintiff"), by her undersigned counsel, respectfully submits the following memorandum of law in support of her motion, pursuant to Rule 37(a)(3) of the Federal Rules of Civil Procedure, to compel Defendant CitiFinancial, Inc. ("CitiFinancial" or "Defendant") to produce a Rule 30(b)(6) witness and related documents, as described below.

**INTRODUCTION**

Courts in this Circuit and throughout the country routinely compel FLSA defendants to produce, pre-certification, information to "identify" and "define" the members of proposed collective groups. In this case, Plaintiff has alleged that Defendant promulgates and implements nationwide policies and procedures that require Financial Service Representatives ("FSRs") such as Plaintiff to work overtime without lawfully compensating them. Accordingly, Plaintiff has requested that Defendant produce (i) pursuant to Rule 30(b)(6), a witness qualified to testify regarding complaints received by Defendant nationally regarding such practices during the

proposed FLSA collective class period; and (ii) related documents concerning such complaints. Plaintiff is clearly entitled to this limited discovery, which is narrowly tailored to identify and define the proposed collective group.

Despite this entitlement—and disregarding the weight of authority on the issue—Defendant refuses Plaintiff's request on the novel and unsupported grounds that Plaintiff has failed to "articulate" a nationwide policy or practice regarding the failure to pay overtime, or to provide any "evidence" of any allegedly unlawful actions beyond her branches. These contentions are without merit.

First, the simple fact is that Plaintiff *has* "articulated" such a nationwide policy and practice in her Complaint so as to satisfy Rule 8 pleading requirements—which is all that she is required to do at this stage. Indeed, Defendant's argument is belied by the fact that it has never challenged the legal sufficiency of Plaintiff's complaint, which on its face alleges a nationwide collective action. More tellingly, Defendant itself has tacitly acknowledged Plaintiff's entitlement to reasonable nationwide discovery by producing a Rule 30(b)(6) witness and related documents concerning Defendant's nationwide timekeeping policies and procedures. Only when pressed on the issue of *complaints* arising from such policies and procedures—discovery that goes to the very heart of this matter (and which apparently touches a nerve)—does Defendant protest about Plaintiff's alleged failure to "articulate" a nationwide scope.

Second, Plaintiff's inability to date to produce "evidence" of overtime abuses beyond her branches—even if true—provides no basis for refusing Plaintiff's reasonable discovery requests. In this regard, Defendant seeks improperly to impose upon Plaintiff a burden of production that simply *does not exist*. Indeed, the very purpose of discovery is to gather "evidence;" to penalize

Plaintiff for lacking such "evidence" before she is permitted to *take* discovery is a circular argument that is simply unsupported by the liberal discovery standards of the Federal Rules.

Accordingly, Plaintiff's motion to compel the production of a Rule 30(b)(6) witness and related documents relating to "complaints" nationwide should be granted.

## RELEVANT BACKGROUND

Plaintiff filed this action on December 26, 2007. In her complaint, Plaintiff alleges, *inter alia*, a nationwide collective action under the FLSA, and alleges that Defendant violated the FLSA by failing to lawfully compensate her and other similarly situated individuals nationwide for overtime hours.[1]

In connection with this action, Plaintiff propounded limited discovery. Defendant propounded a single set of Requests for Production (comprising 25 requests in all) (annexed to the accompanying Declaration of Nick S. Williams ("Williams Dec.") (Exhibit A); a single set of Interrogatories (consisting of 14 interrogatories) (*id.*, Exhibit B); and a single Rule 30(b)(6) Notice of Deposition (*id.*, Exhibit C)).

On July 7, 2008, the parties appeared before the Court for a Status Conference. At that conference, the Court indicated that it was going to provide Plaintiff the opportunity to prove her case. Plaintiff's counsel understood this to mean that Defendant would be required to produce documents and provide information responsive to Plaintiff's discovery requests on a nationwide basis. Defense counsel gave no indication that they understood the Court's comments to have a different meaning.

In the meet-and-confer process following the status conference, Plaintiff relented on the *overwhelming* majority of her document requests, and virtually *all* of her interrogatories.

---

[1] On June 5, 2008, the Court granted Defendant's Motion for Partial Dismissal which eliminated the class action component of Plaintiff's Complaint leaving only her individual state claims remaining. This memorandum therefore pertains only to Plaintiff's FLSA Collective Action.

3

Plaintiff's goal has been to limit the burden placed upon Defendant to the greatest extent reasonably possible.  On the issue of burden, it should be noted that the entirety of Defendant's discovery response to date consists of 746 pages of documents and a handful of interrogatory responses which, by agreement, have been substantially limited in scope from their form as originally propounded.  In addition, On August 1, 2008 Defendant produced a Rule 30(b)(6) witness to testify about the mechanics of Defendant's timekeeping system nationwide (Notice of Deposition, Topic (e)), and has promised to produce on August 27, 2008[2] another witness to testify with respect to the job duties and responsibilities of Defendant's FSRs, and the responsibilities and compensation of Defendant's Branch Managers, District Managers and Regional Managers (*id.*, Topics (a), (b) and (c)).

## THE MOTION TO COMPEL

Plaintiff's motion to compel is limited to the following, narrowly tailored and targeted areas.  First, Plaintiff seeks a Rule 30(b)(6) designee who can testify with respect to

> **All "hotlines" utilized by CitiFinancial whose purpose, in whole or in part, is to handle complaints regarding compensation or credit for hours worked by FSRs for the benefit of CitiFinancial.**

Notice of Deposition, Topic (e) (emphasis added).  Defendant does not dispute that it maintains several hotlines which are covered by this description, and that such hotlines operate nationally and are available to FSRs on a nationwide basis.  Second, Plaintiff seeks

> **All documents concerning any formal or informal complaint received during the Relevant Time Period about your policies or practices regarding compensation for hours worked or any complaint that you failed to pay overtime as required by the FLSA or other state or federal law.**

---

[2] For the reasons stated in the parties' previously filed Joint Motion to Extend Pre-Certification Discovery Period and Collective Certification Briefing Schedule, the production of this witness is scheduled for August 27, 2008.

4

Request for Production No. 15 (emphasis added).

Defendant has never formally responded to Plaintiff's request for a Rule 30(b)(6) "complaints" designee, but instead referred Plaintiff to its response to Plaintiff's request for related "complaints" documents. In its Responses and Objections to Plaintiff's First Request for the Production of Documents (Williams Dec. Exhibit D), Defendant's response to Request No. 15 was as follows:

> Defendant objects to this request as overly broad, unduly burdensome, oppressive, not reasonably limited in time or scope, and to the extent seeking information prior to December 2004 or for individuals other than Plaintiff, neither relevant nor reasonably designed to lead to the discovery of admissible information. Defendant also objects to providing *identifying* information on its employees as premature when no collective action has been certified. Subject to and without waiving these objections, Defendant has not located any documents relating to any formal or informal complaints by *Plaintiff* about policies or procedures regarding compensation for hours worked or failure to pay overtime (other than her Complaint in this action).

*Id.* (emphasis added). Thus, aside from its "boilerplate" objections, Defendant contended at this time that Plaintiff was not entitled to documents relating to any FSR other than Plaintiff. Accordingly, Defendant initially refused to produce *any* responsive documents.

Thereafter, during the meet-and-confer process, to address "privacy" concerns raised by Defendant, Plaintiff indicated a willingness to accept production of the requested, nationwide "complaints" documents in redacted form so as to remove the identity of the individuals at issue--as long as the dates, locations and job titles remained. Shortly thereafter, notwithstanding their earlier proposal, Defendant had a change of heart and responded as follows:

> Defendant stands on its [boilerplate] objections to the request as overly broad, unduly burdensome, oppressive, not reasonably limited in time or scope, and to the extent seeking information prior to December 2004 or for individuals other than Plaintiff,

5

> neither relevant nor reasonably designed to lead to the discovery of admissible information. *We believe that these objections are particularly appropriate in light of Plaintiff's failure to articulate a nationwide policy or practice regarding the failure to pay overtime or to provide any evidence of any allegedly unlawful actions beyond her branches.*

July 18 Email from Christopher K. Ramsey to Nick S. Williams (Williams Dec., Exhibit E) (emphasis added). Thus, Defendant's objection was bottomed on the insupportable premise that Plaintiff had failed to "articulate" a nationwide policy or practice regarding the failure to pay overtime, and that in order to obtain the requested materials, Plaintiff, according to Defendant, was required to provide "evidence" of overtime violations beyond her branches.

In an apparent effort to provide the appearance of compromise, Defendant then agreed to produce

> copies of complaints and related documents, *if any*, regarding failure to pay overtime by non-exempt CitiFinancial retail branch employees in Plaintiff's region as it existed during the time of Plaintiff's employment from December 2004 to present, and Defendant will agree to produce redacted versions of any such documents with the names of any employees redacted (but not redacting dates, locations, or job titles). As you know from the discovery produced and taken in this case to date, overtime requests from branches during the time of Plaintiff's employment were submitted to the District Manager and/or Region Manager for approval. As such, any overtime issues would not extend beyond the region, and the request for complaints on a nationwide basis is objectionable for the reasons set forth above. At the time of Plaintiff's employment, her region consisted of approximately 50 branches and approximately 150 or more employees, so this search and any production would provide a substantial sampling. Defendant's position is conditioned on Plaintiff's agreement not to file a motion to compel on this request.

*Id.* (emphasis added). Because this "compromise" would deprive Plaintiff of the narrowly-tailored, nationwide "complaints" documents to which she is entitled, Plaintiff was forced to reject this plainly insufficient offer. Moreover, because Defendant's "compromise" was

conditioned on Plaintiff's agreement not to file a motion to compel (*see id.*), Plaintiff could not use any documents or 30(b)(6) designee produced pursuant to such a "compromise" to meet Defendant's fictitious "burden of production" requiring Plaintiff to provide "evidence" of "any allegedly unlawful actions beyond her branches."

## ARGUMENT

**I.   PLAINTIFF IS ENTITLED TO THE REQUESTED "COMPLAINTS" DOCUMENTS AND RULE 30(B)(6) DESIGNEE**

   **A.   Applicable Case Law Establishes Plaintiff's Entitlement to the Requested Discovery**

Plaintiff is clearly entitled to the requested, limited nationwide discovery. "Rule 26(b)(1) of the Federal Rules of Civil Procedure sets the contours for discovery and provides that "'[p]arties may obtain discovery of any matter, not privileged, that is relevant to any party's claim or defense.'" *Clark Motor Co. Inc. v. Manufacturers and Traders Trust, Co.,* No. 4:07-CV-856, 2008 WL 2498252, *1 (M.D. Pa. June 18, 2008) (quoting Fed. R. Civ. P. 26(b)(1)). "Relevance is construed broadly and determined in relation to the facts and circumstances." *Cumis Ins. Co. v. Diebold, Inc.*, No. Civ. A 02-7346, 2004 WL 1126173, *1 (E.D. Pa. May 20, 2004) (quoting *Hall v. Harleysville Ins. Co.,* 164 F.R.D. 406, 407 (E.D. Pa. 1996). Indeed, courts should tend toward permitting discovery where doubt exists about relevance. *See Hall*, 164 F.R.D. at 407; *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A.,* 144 F.R.D. 258, 265 (E.D. Pa. 1992). Moreover, the rule specifically provides that relevant information includes "the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1).

In the precise context presented here, courts in this Circuit and across the country routinely compel the production of substantial pre-certification discovery in off-the-clock and

overtime cases to assist plaintiffs in identifying prospective collective action members. *See, e.g., Bryan Pepe, et al v. Accredited Home Lenders,* Civ. No. 2:06-cv-01225 (W.D. Pa. May 14, 2007) (Dkt. No. 38) (ordering defendant, *inter alia*, to provide answers to interrogatories requesting contact information for co-workers pursuant to discovery request in FLSA action); *Stillman v. Staples, Inc.,* Civ. No. 2:07-cv-00849 (D.N.J. July 30, 2007) (compelling defendant, pre-certification, to produce to plaintiffs the names, addresses, positions and titles of employees with the same or similar job duties as the plaintiff); *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 673 (D. Kan. 2003) (stating that "information on other regions or districts" is plainly relevant to defining the proposed collective group, and is discoverable"); *Tucker v. Labor Leasing, Inc.*, 155 F.R.D. 687, 689-90 (M.D. Fla. 1994) (stating that information regarding prior civil, criminal or regulatory actions involving overtime compensation . . . is clearly discoverable); *Morden v. T-Mobile USA, Inc.*, 2006 WL 1727987 (W.D. Wash. June 22, 2006) (granting plaintiffs' pre-certification motion to compel production of list of similarly situated employees).[3]

---

[3]    *See also Kane v. Gage Merch. Servs., Inc.,* 138 F. Supp. 2d 212 (D. Mass. 2001) (granting motion directing defendant to provide names and addresses of its employees); *Wiegele v. Fed Ex Ground Pkg. Sys.,* 2007 WL 628041 (S.D. Cal. Feb. 8, 2007) (approving plaintiffs' motion to compel list of employees pre-certification); *Darryl Allen, et al v. Accredited Home Lenders,* Civ. No. 3-06-0921 (M.D. Tenn. Apr. 23, 2007) (ordering defendant in FLSA action to provide, pre-certification, names of co-workers, finding them relevant to the claims asserted); *Donahay v. Palm Beach Tours & Transp.,* Order 1, 2007 WL 1119206, *1 (S.D. Fla. Apr. 16, 2007) (granting plaintiffs' motion to compel list of those individuals similarly-situated); *Donahay v. Palm Beach Tours & Transp.,* Order 2, 2007 WL 1119208, *1 (S.D. Fla. Apr. 16, 2007) (granting motion to compel response to interrogatories seeking identity of those similarly-situated); *Barton v. The Pantry, Inc.,* 2006 WL 2568462, *2 (M.D.N.C. Aug. 31, 2006) ("The Court recognizes that the named Plaintiffs (including opt-ins to this date) have a present discovery need for the names of potential witnesses who may have information relevant to their individual claims,"); *Bailey v. Ameriquest Mortgage Co.,* No. 2002 WL 100388 (D. Minn. Jan. 23, 2002) (affirming magistrate judge's order compelling discovery of the names and addresses of other account executives similarly-situated to plaintiffs); *Miklos v. Golman-Hayden Cos., Inc.,* 2000 WL 1617969 (S.D. Ohio Oct. 24, 2000) (granting motion to compel production of names and addresses of similarly-situated employees of defendant); *Whitworth v. Chiles Offshore Corp.,* 1992 WL 365153 (E.D. La. Nov. 25, 1992) (affirming magistrate judge's decision granting plaintiff's motion to compel defendant to produce the names and addresses of similarly-situated employees).  Plaintiff here is entitled to such information.

Applying these authorities, Plaintiff is clearly entitled to the requested "complaints" documents and a Rule 30(b)(6) designee to demonstrate evidence of Defendant's unlawful practices on a nationwide basis. Indeed, in contrast to many of the above authorities—which require the production of names, addresses and other identifying information—Plaintiff's requests are far more modest and targeted. Moreover, Plaintiff has agreed that the requested information be provided in redacted form, so as to alleviate Defendant's "privacy" concerns.

### B.  Plaintiff Bears No Burden of Production

In addition, Plaintiff bears no "burden of production," as Defendant implies, in order to obtain the requested information. Were Defendant's position correct, FLSA plaintiffs would virtually never be able to obtain pre-certification discovery. The simplified notice pleading standard [of Fed, R. Civ. P. 8] relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)(internal citations omitted). As the cases cited above demonstrate, such pre-certification discovery is the norm, not the exception. Moreover, Defendant's fictitious notion of Plaintiff's burden of production is inconsistent with the Federal Rules' liberal approach to discovery.

### **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order compelling Defendant to produce (i) pursuant to Rule 30(b)(6), a witness qualified to testify about complaints received via Defendant's various national employee "hotlines" during the proposed FLSA collective class period regarding any alleged failure to adequately or lawfully compensate its Financial Service Representatives ("FSRs")(as such term is defined in the Complaint) for hours worked in excess of 40 in a given week; (ii) documents concerning any formal or informal

9

complaints received during the proposed collective class period that Defendant failed to pay any FSR adequate or lawful compensation for hours worked in excess of 40 in a given week; and (iii) such other relief as is appropriate.

Dated: August 14, 2008

          Respectfully submitted,

          **LAW OFFICE OF ALFRED G. YATES JR., PC**

          <u>/s/ Alfred G. Yates, Jr.</u>
          Alfred G. Yates, Jr. (PA17419)
          Gerald L. Rutledge (PA62027)
          519 Allegheny Building
          429 Forbes Avenue
          Pittsburgh, PA  15219
          Telephone: (412) 391-5164
          Facsimile: (412) 471-1033

          **SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
          Joseph H. Meltzer
          Gerald D. Wells, III
          Robert J. Gray
          Nick S. Williams
          Robert W. Biela
          280 King of Prussia Road
          Radnor, PA 19087
          Telephone: (610) 667-7706
          Facsimile:  (610) 667-7056

          *Counsel for Plaintiff*