IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY BURKHART-DEAL, individually and on behalf of all others similarly situated, | ) ) ) ) ) No. 7-1747 |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| CITIFINANCIAL, INC., and DOES 1 through 10, inclusive, | ) ) |
| Defendants. | |

**MEMORANDUM ORDER**

This is a nationwide FLSA collective action, still at the pre-certification stage. The parties are engaged in discovery. At a status conference on September 10, 2009, the Plaintiff raised a dispute regarding the redaction of names from certain documents that Defendant had recently produced. The Court directed Defendant to reveal the names of managerial personnel, and then directed the parties to submit authority for their positions regarding the names of remaining employees. The parties have done so, via letter briefs to the Court. As Plaintiff raised the issue and requested the redacted names, I will treat the matter as coming before the Court on Plaintiff's Motion to Compel.

"The party moving to compel production of documents bears the initial burden of explaining how the requested information is relevant. Once that showing is made, the burden shifts to the objecting party to explain why discovery should not be permitted." Miller v. Allstate Fire & Cas. Ins. Co., No. 7-260, 2009 U.S. Dist. LEXIS 21225 (W.D. Pa. Mar. 17, 2009).

Plaintiff contends that she is not attempting to identify new clients, which was of central concern in the authority cited by Defendant. Instead, Plaintiff argues that with the names redacted, she is unable to determine the number of employees who submitted separate complaints, as opposed to follow-ups or multiple complaints. She further states that this information will assist her in assessing Defendant's policy or practice of failing to properly compensate employees. Although she distinguishes two cases that Defendant cites, Plaintiff proffers no authority in support of her position. Defendant offers some authority that declined to permit discovery of identifying information for putative plaintiffs prior to certification, and also points out that Plaintiff has no need for employee identities at this time. Instead, Defendant notes, the fact of the complaints is sufficient to assist Plaintiff's effort to demonstrate company policy or practice, and the fact of follow-ups or multiple complaints is irrelevant at this stage.

The FLSA collective action, unlike a Fed. R. Civ. P. 23 class, is not subject to a numerosity requirement. Instead, in order to maintain a collective action, Plaintiff must demonstrate that there are other employees who are "similarly situated," and a plaintiff need not show that his position is identical to the positions of other putative class members. 29 U.S.C. § 216(b); Ritzer v. UBS Fin. Servs., No. 08-CV-1235, 2008 U.S. Dist. LEXIS 71635 (D.N.J. Sept. 22, 2008). In addition, Section 216(b) imposes a less stringent standard for initial certification, such that pre-certification discovery is often quite limited. See, e.g., Crawford v. Dothan City Bd. of Educ., 214 F.R.D. 694 (M.D. Ala. 2003).

In this case, Plaintiff has already had some discovery, and several plaintiffs have already opted into the action. Plaintiff's arguments in favor of revealing employee names relate primarily to the number of complaints made, rather than to the idea that there are other employees similarly situated to Plaintiff. I note that Plaintiff's assertion that it is not attempting to identify new clients does not negate the concerns that have arisen in this context. Intentions do not necessarily correlate to practical outcome – the fact is that potential clients will likely be identified, absent redaction. Likewise, merely because contact information is not revealed does not render Plaintiff incapable of contacting named individuals. I am mindful, too, of the proceedings underway in the pending Rule 23 action, and privacy concerns previously expressed by Defendant.

For the foregoing reasons, I decline to require Defendant to produce the redacted names of employees, in the subject documents, and at this stage in the litigation.

AND NOW, this 18th day of September, 2009, IT IS SO ORDERED.

BY THE COURT:


Donetta W. Ambrose

Judge, U.S. District Court